UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTINE NICKELSON,

        Plaintiff,

-against-

SUNRISE CREDIT SERVICES,

        Defendant.

COMPLAINT and DEMAND FOR JURY TRIAL



09 3978

HURLEY, J.

BOYLE, M.J.

NOW COMES Plaintiff, CHRISTINE NICKELSON ("Plaintiffs"), by and through her attorneys, Krohn & Moss, Ltd., for her Complaint against Defendant, SUNRISE CREDIT SERVICES ("Defendant"), alleges as follows:

Nature of the Action

1.    This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

2.    Plaintiff is a natural person residing in the State of Texas.

3.    Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.    Defendant is a New York company having its principal place of business located in Farmingdale, Nassau County, New York.

5.    Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

### Factual Allegations

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant constantly places collection calls to Plaintiff before 8:00 AM

13. Defendant places collection calls from a number that indicates "000-000-0000" on Plaintiff's caller ID.

14. Defendant also places collection calls to Plaintiff from the number (866) 314-3185 seeking and demanding payment for an alleged consumer debt.

15. Defendant contacted a third party, Plaintiff's parents, more than once seeking and demanding information regarding Plaintiff and disclosing the nature and existence of the alleged consumer debt.

16. Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for the alleged consumer debt. To date, no wages have been garnished.

## CLAIM FOR RELIEF

17. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692b(1) of the FDCPA by contacting a third party and failing to properly identify themselves.

   b. Defendant violated §1692b(2) of the FDCPA by contacting a third party and stating Plaintiff owes a debt.

   c. Defendant violated §1692b(3) of the FDCPA by contacting a third party more than once.

   d. Defendant violated §1692c(a)(1) of the FDCPA by communicating with Plaintiff at a time and place known to be inconvenient.

   e. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   f. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   g. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   h. Defendant violated §1692e(4) of the FDCPA by threatening that the nonpayment of the alleged consumer debt will result in garnishment.

    i. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken.

    j. Defendant violated §1692e(10) of the FDCPA by using false representations and deceptive means in the attempt to collect a debt because Defendant calls Plaintiff from a number that only reveals "000-000-0000" on the caller ID.

    k. Defendant violated §1692e(10) of the FDCPA by using false representations and deceptive means in the attempt to collect a debt .

    l. Defendant violated §1692e(10) of the FDCPA by using false representations and deceptive means in the attempt to collect a debt because Defendant calls Plaintiffs and does not disclose the caller's identity.

    m. Defendant violated §1692e(10) of the FDCPA by using false representations and deceptive means in the attempt to collect a debt because Defendant calls Plaintiff and fails to disclose that the call is from a debt collector.

    n. Defendant violated §1692e(11) of the FDCPA and failing to disclose in subsequent communications that the call is from a debt collector.

18. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. *See* Exhibit A hereto.

19. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

20. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Actual damages

(3) Statutory damages pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated:     September 4, 2009

KROHN & MOSS, LTD.

By: /s/ Adam T. Hill

Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, CHRISTINE NICKELSON, hereby demand a jury trial in this matter.

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — YES (NO)
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — (YES) NO
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — (YES) NO
11. Thoughts of death, suicide or suicide attempts — (YES) NO
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — YES (NO)
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _Fear of losing wages._ _Fear for my family and their well being_ _Constant pessimism._ _Concern over impact over cell phone bill/minutes._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8/1/09

Sunrise

Signed Name: _Christine Nickelson_

Printed Name: _Christine Nickelson_